IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CALVIN HEMPHILL, #406562<br>Plaintiff,<br>v.<br><br>SHAVELLA MILES<br>CAPTAIN KEVIN HICKSON<br>SARGENT PORTER<br>KWANITA WEST<br>TERON KNIGHT<br>TRACEY TUCKER<br>LISA EVANS<br>JANE DOE<br>JOHN DOE<br>Defendants. | *<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br><br>*<br>***  | CIVIL ACTION NO. WDQ-12-2266 |

ORDER

On July 31, 2012, plaintiff filed suit for civil rights violations. ECF No. 1. On March 25, 2013, defendants moved to dismiss or, in the alternative, for summary judgment. ECF No. 24. On April 5, 2013, the Court granted plaintiff leave to file an amended complaint. ECF No. 29. The defendants' answer is due May 20, 2013. ECF No. 35.

On April 26, 2013, plaintiff filed a motion for voluntary dismissal. ECF No. 36. He asserts that on April 4, 2013, he was transferred to another prison facility and has since been experiencing difficulties with his outgoing mail because of his indigency. *Id.* He contends that to force him "to continue with this suit would place an unbearable burden on him . . ." *Id.* Defendants responded, indicating no opposition to the dismissal request. ECF No. 37. They do, however, ask that the complaint be dismissed with prejudice. *Id.*

Federal Rule of Civil Procedure 41(a)(1)(i) permits a plaintiff to voluntarily dismiss an action without an order of the court by filing a notice of dismissal prior to service of an answer or a moton for summary judgment by the opposing party. Alternatively, all parties appearing in the

action may stipulate to the dismissal. Fed. R. Civ. P. 41(a)(1)(ii). However, after an opposing party has served a responsive pleading or a summary judgment motion, an action may be voluntarily dismissed without prejudice only with leave of court under Fed. R. Civ. P. 41(a)(2). Such dismissal is within the discretion of the Court. *See Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987).

"A plaintiff's motion under Rule 41(a)(2) for dismissal without prejudice should not be denied absent substantial prejudice to the defendant." *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986). In examining a Rule 41(a)(2) motion, courts consider several non-exclusive factors: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, i.e., whether a motion for summary judgment is pending." *See Vosburgh v. Indem. Ins. Co. of N. Am.*, 217 F.R.D. 384, 386 (S.D. W. Va. 2003).

Upon considering the record and the above factors, the Court finds that voluntary dismissal without prejudice is appropriate. Defendants have not asserted any prejudice warranting denying the motion or dismissing with prejudice. Plaintiff's request, construed as a motion for voluntary dismissal filed under Fed. R. Civ. P. 41(a)(2), will be granted. Plaintiff is cautioned that if he files a new action based on or including the same claims against the same defendants, the Court may order plaintiff to pay all or part of the costs of that previous action and may stay the proceedings until plaintiff has complied. *See* Fed. R. Civ. P. 41(d).

Accordingly, it is this 30th day of April, 2013, by the United States District Court for the District of Maryland hereby ORDERED that:

1. Plaintiff's Motion for Voluntary Dismissal (ECF No. 36), BE, and HEREBY IS GRANTED;

2. This case IS DISMISSED WITHOUT PREJUDICE;

3. The Clerk of the Court SHALL CLOSE this case; and

4. The Clerk of the Court SHALL SEND copies of this Order to the parties.

_____
William D. Quarles, Jr.
United States District Judge